IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MANUEL LUPE RIOS, JR., #754686, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:10-CV-1040-K |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Div., | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a *pro se* petition for a writ of habeas corpus brought by a state prisoner pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently incarcerated within the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID). Respondent is the TDCJ-CID Director. The court has not issued process in this case, pending preliminary screening.

Statement of the Case: Following Petitioner's guilty pleas to aggravated robbery with a deadly weapon, the trial court deferred adjudicating his guilt and placed him on probation for ten years in each case. *See State v. Rios*, Nos. F90-54751, F90-54752 (291st Judicial District Court of Dallas County, Texas, Dec. 28, 1990). On June 18, 1996, Petitioner's guilt was adjudicated,

his probation was revoked, and he was sentenced to fifty years imprisonment for each offense. *See Id.* The appellate court affirmed the judgments of conviction. *Rios v. State*, Nos. 05-96-0173-CR, 05-96-0174-CR (Tex. App. – Dallas Aug. 31, 1998, pet. ref.). Thereafter, Petitioner unsuccessfully challenged his convictions in state and federal habeas corpus proceedings. *See Rios v. Johnson,* 3:99-CV-1951-T (N.D. Tex. Aug. 24, 2000) (denying federal habeas relief on the merits), *certificate of appealability denied*, No. 00-11201 (5th Cir. 2001).

In the present action, Petitioner again seeks to challenge his convictions for aggravated robbery with a deadly weapon. He alleges the trial court erred in placing him on deferred adjudication probation and, as such, his fifty-year sentences are void and must be vacated.[1]

Findings and Conclusions: The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a petitioner may file a second or successive application for federal habeas relief. *See* 28 U.S.C. § 2244(b). In general, to raise a new claim, the petitioner must show that the successive application is based on: (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense. *See* 28 U.S.C. § 2244(b)(2).

Before a petitioner may file his application in the district court, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the application

---

[1] Although the federal petition mentions only Cause No. F90-54752-QU, the memorandum in support challenges both aggravated robbery convictions. In addition to these convictions, Petitioner is presently serving twenty-year sentences for intoxicated manslaughter in Cause Nos. F96-01220-MU and F96-01221-MU.

makes the requisite prima facie showing.  *See* 28 U.S.C. § 2244(b)(3)(A) and (B).  In *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000), the Fifth Circuit held that § 2244(b)(3)(A) constitutes a bar to a district court's jurisdiction to consider a successive habeas petition unless the Fifth Circuit has granted the petitioner permission to file such a petition.  *See also Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

The Fifth Circuit has not issued an order authorizing the court to consider the successive petition in this case.  Petitioner must obtain such an order before he can file a second petition for habeas relief under § 2254 challenging his underlying criminal convictions.  Therefore, the petition should be dismissed for want of jurisdiction.  Such a dismissal, however, is without prejudice to Petitioner's right to file a motion for leave to file a second or successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit pursuant to § 2244(b)(3)(A).  *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (setting out requirements for filing motion seeking authorization to file a successive habeas petition in the Fifth Circuit Court of Appeals).

RECOMMENDATION:

For the foregoing reasons it is recommended that the petition for writ of habeas corpus be DISMISSED for want of jurisdiction, but without prejudice to Petitioner's right to file a motion for leave to file a second or successive habeas petition in the United States Court of Appeals for

the Fifth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A).

Signed this 26th day of May, 2010.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.